## JACKS *v.* HELENA.

## SAME *v.* SAME.

IN ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

Submitted November 2, 1885.—Decided November 9, 1885.

When it distinctly appears on the face of an opinion of a State court, which by a law of the State forms part of the record, that the decision below was properly put upon a  ground that did not involve a Federal question, although such question was raised there, this court has no jurisdiction in error over the judgment.

*Detroit City Railway Co.* v. *Guthard,* 114 U. S. 133, cited and followed.

These were suits commenced in a State court of Arkansas, praying in each case for a mandamus upon the defendants, a municipal corporation, to compel the issue and delivery of bonds of the municipality, on a subscription in aid of a rail-

road. Judgment below that the subscription was unauthorized and void, and refusing the writ. The causes were appealed to the Supreme Court, where the judgment was affirmed, and a written opinion entered on the record in accordance with the statute of the State providing that " Every opinion of the Supreme Court shall be reduced to writing and be entered at full length on the record, and be filed among the papers in the cause to which it relates. The provisions of this section shall apply as well to motions that will dispose of a cause as to final decisions." Ark. Stat. Revision of 1884, § 1318.

This writ of error was sued out to reverse that judgment. The defendant in error moved to dismiss the cause and the writ, " Because, in the decision of this cause by the Arkansas Supreme Court, there was not presented and decided adversely to the claim of the plaintiff in error, any Federal question ; the judgment in said court against the claim of the plaintiff in error being expressly based on the decision of a question other than one of a Federal character."

*Mr. M. T. Sanders* and *Mr. James P. Clarke* for the motion.

*Mr. J. C. Tappan* and *Mr. J. J. Hornor* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

These motions are granted on the authority of *Detroit City Railway Co.* v. *Guthard,* 114 U. S. 133, and the cases there cited. It appears distinctly on the face of the opinion of the court below, which, by the laws of Arkansas, forms part of the record, Rev. Stat. Ark. 1884, § 1318 [Gannt's Dig. (1874) §§ 1108, 1109], that the decision of the case was put, and properly put, on a ground which did not involve a consideration of the Federal question that may possibly have been presented by one of the several defences set up in the answer of the city, to wit: that the Constitution of 1874 prohibited the issue of the bonds in dispute. In fact, it is intimated in the opinion, that, if the case had rested on this defence alone, the judgment would have been the other way.

*Dismissed.*