## MORRIS v. UNITED STATES.

### No. 5383.

Court of Appeals of the District of Columbia.

Argued Nov. 3, 1931.

Decided May 16, 1932.

Cedric F. Johnson, George S. Naphen, and William J. Crane, all of Washington, D. C., for appellant.

Leo A. Rover and James R. Kirkland, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

Appellant was convicted in the Supreme Court of the District of murder in the first degree, and sentenced to death. The fact of the killing was not denied, the defense being that appellant was so intoxicated he was not conscious of what he was doing and thereafter had no recollection of the homicide. The evidence for the government was substantially as follows:

For some time prior to June 30, 1930, appellant and the deceased, Maggie Landon, lived together in Washington as man and wife. Appellant was arrested for a minor offense and sent to Occoquan for a short term. He was released four or five days before the tragedy. On the latter day, about 2 o'clock, he went to a secondhand store in Washington and purchased an automatic revolver. In the late afternoon he went to the home to which his former paramour had removed after his confinement in Occoquan, and found her, and while there purchased some whisky from a man named Newman, which he, deceased, and Newman consumed. He persuaded the deceased to take a walk with him, and they proceeded over to the C. & O. canal, where they stopped and where he took the pistol from under his belt and fired two shots. The deceased fell with the second shot. Appellant ran, and was pursued by a man who witnessed the shooting and who, together with some fishermen on the canal bank, overtook him, threw him down, and called the police. On the way to the station, appellant expressed the hope that the shots were fatal, and said he had good reason for killing the woman. The government also proved that on the day prior to the shooting appellant had said to a woman named Lotta Spriggs that on the previous day he had walked out on the canal bridge with deceased, and, because of something she said to him, that if he had had a drink he would have shoved her into the canal; that he was going back another time and "should she say the same thing to me, I will kill her."

On the night of the arrest appellant made a statement to the police in which he said that he had told deceased that she would have to come back and live with him or leave him alone; that she did not answer him; and

when she did not answer him the second time, he shot her twice. Later the same evening, when he was being treated by Dr. Flannagan for a scalp wound, which the police say he secured as the result of a fall at the time he was arrested, he stated to the doctor that he wished or hoped he had killed the deceased. Appellant was the sole witness for the defense. He testified that he could remember nothing from the time he left the house after drinking the liquor, and that he first learned of the shooting on Sunday morning at the station house from one of the policemen.

It is first contended that the court erred in permitting the officers to testify as to the oral confession. There was no evidence whatever that the confession was induced either directly or indirectly by threats or promises, and the overwhelming weight of the evidence is to the effect that defendant at the time he made the confession fully realized what he was saying. The circumstances are so different from those in the Wan and Perrygo Cases (Ziang Sung Wan v. United States, 266 U. S. 1, 45 S. Ct. 1, 69 L. Ed. 131, Perrygo v. United States, 55 App. D. C. 80, 2 F.(2d) 181), that further comment is unnecessary.

There is only one other valid assignment. In his argument to the jury, counsel for the government commented on the failure of the defendant to call the man Newman, from whom he purchased liquor. The defendant objected, and the court overruled the objection; but in his charge expressly instructed the jury that they "should not raise any presumption as to the failure to call Newman. Either side might have called him if they wanted to, but nobody could have made him testify on that subject, because if he did sell liquor, that would be a crime, and he could not be compelled to incriminate himself." If the defendant suffered any prejudice from the argument of government counsel, we think it was cured by the charge of the court. The government witnesses had testified that the defendant had been drinking, so that the failure to call Newman as a witness was of no particular significance in any event.

In the briefs and in the argument in this court, a great deal was said by counsel for appellant on the subject of the court's charge to the jury, but it is not claimed that any exception was taken at the time to the charge, and it abundantly appears that that portion of the charge to which objection is made appears to have been wholly the result of a colloquy between counsel for the appellant and counsel for the government on the one hand and the court on the other, in which there was an agreement of views which not only led to but fully justified all that the court said on the subject. Oscanyan v. Winchester Co., 103 U. S. 261, 26 L. Ed. 539. As no exception was taken to the charge, and as no objection was made in the lower court, or the court's attention in any way called to the language now complained of, the rule forbids the question being considered here. Tucker v. United States, 151 U. S. 164, 170, 14 S. Ct. 299, 38 L. Ed. 112; Allis v. United States, 155 U. S. 117, 122, 15 S. Ct. 36, 39 L. Ed. 91; Thiede v. Utah Territory, 159 U. S. 510, 520, 16 S. Ct. 62, 40 L. Ed. 237; Holmgren v. United States, 217 U. S. 509, 522, 30 S. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Miller v. U. S., 57 App. D. C. 228, 19 F.(2d) 702. It is quite true that counsel for appellant have sought to invoke the rule of this court which provides that the court may at its option notice a plain error not assigned, but this is not such a case as we think should induce us to apply the rule. The evidence unmistakably and convincingly shows that appellant was guilty of brutal murder, and we are convinced that he has suffered no prejudice in his trial. The rule was adopted to insure justice—not to thwart it.

Appellant has had a fair and impartial trial, and the judgment of the lower court should be and is affirmed.

Affirmed.