## BAILEY v. BLOCK.

### No. 6747.

United States Court of Appeals for the District of Columbia.

Argued Jan. 8, 1937.

Decided Feb. 8, 1937.

Elwood G. Hubert, of Washington, D. C., for appellant.

Lawrence Koenigsberger, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

This appeal is from a judgment of the Supreme Court of the District of Columbia (now the United States District Court for

the District of Columbia), sustaining a demurrer to appellant's second amended declaration.

The appellant, plaintiff below, a domestic servant of a tenant of the defendant, sued to recover damages for personal injuries sustained by her as the result of the fall of plaster from a ceiling of the leased premises.

We are confronted with a motion of the defendant to dismiss the appeal because of plaintiff's failure to file an assignment of errors, either in this court or in the court below. Paragraph 9 of rule 5 of this court provides: "Prior to the settling and signing of the bill of exceptions by the trial justice or judge there shall be filed in the office of the clerk of the lower court the assignment of errors relied on by the appellant or plaintiff in error, as the case may be. The errors shall be separately and specifically stated and the assignment shall be included in the transcript of record. If error is assigned to the ruling upon the report of an auditor or master, the specification shall state the exceptions to the report and the action of the court thereon. Appellee may object to the settlement of the bill until the assignment is filed as required. In a case where there is no bill of exceptions or statement of evidence the assignment shall be filed in time for inclusion in the transcript."

Since the case was disposed of upon demurrer to the declaration, there is no bill of exceptions or statement of evidence, but under the above-quoted rule this furnishes no excuse for the failure to file an assignment of errors. The rule has been strictly enforced, not only in this court but in the Supreme Court of the United States. E. R. Squibb & Sons v. Mallinckrodt Chemical Works, 293 U.S. 190, 55 S.Ct. 135, 79 L.Ed. 279; Rowe v. Phelps, 152 U.S. 87, 14 S.Ct. 632, 38 L.Ed. 365; Boston Mining Co. v. Eagle Mining Co., 115 U.S. 221, 6 S.Ct. 33, 29 L.Ed. 392; Cooper v. Sillers, 30 App. D.C. 567.

Paragraph 5 of rule 8 of this court provides that we may, at our option, "notice and pass upon a plain error not assigned." It may be observed that this rule specifies "a plain error." We find no plain error in this case and therefore, since there was an utter failure to comply with paragraph 9 of rule 5, we think that the judgment must be affirmed.

This discretion to notice a plain error is similar to that conferred by the corresponding rule of the Supreme Court (paragraph 4 of rule 27 of the present rules, 28 U.S.C.A. following section 354), which has been exercised almost exclusively in criminal cases, where, to meet the ends of justice, the court has relaxed the strict requirements of its rules. Weems v. United States, 217 U.S. 349, 362, 30 S.Ct. 544, 54 L.Ed. 793, 19 Ann.Cas. 705.

The judgment is affirmed.