### KINARD v. UNITED STATES.
### No. 7153.

United States Court of Appeals for the District of Columbia.
Decided Nov. 28, 1938.

Juan R. Quijano and Eugenio M. Fonbuena, both of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and Roger Robb and John W. Fihelly, Asst. U. S. Attys., all of Washington, D. C.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

MILLER, Associate Justice.

Appellant has been twice convicted of murder in the first degree on account of the killing of his wife. Judgment upon the first verdict was reversed by this court on an earlier appeal.[1] There is now presented to us, on appeal from the second judgment, the single question whether the court erred in charging the jury as follows:

"Now, some statements made by the defendant himself have been presented in this case. Some of these statements were not made in any judicial hearing, and they were offered on the theory of confession, those statements tending to show the defendant's guilt of some form of criminal homicide. If you find they were freely and voluntarily made, then a confession is always a piece of evidence of great importance."

No objection was made, or exception taken, to the charge as given and the question is raised for the first time on this appeal. In exceptional circumstances the court may, on its own motion and in the exercise of a sound discretion, "notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings."[2] But the purpose of such an exercise of discretion is to insure justice, not to thwart it.[3] This is a criminal case in which the death penalty has been imposed and we have given careful consideration to the assignments of error.

Appellant contends that the charge as given was erroneous because the court improperly emphasized evidence unfavorable to him; because it failed to tell the jury that the "statement or confession" also tended to show that he killed his wife in self-defense; and because it failed to call to the attention of the jury other portions of the evidence and confession which tended to show self-defense. However, an examination of the entire charge reveals that the court instructed the jury properly. Its purpose in giving that portion of the charge to which objection is now made was to explain the effect of a confession, the conditions under which it may be considered, and the weight to be given to it. It could have served no useful purpose for the court to interject comments concerning self-defense at that point in its charge, and the effect of so doing would have been merely to confuse the jury. In other parts of its charge the court gave full and accurate instructions concerning self-defense, including all requests for instruction upon that subject offered by appellant.

The court, in its charge, told the members of the jury that it was not expressing any view concerning the evidence; that its references to the evidence were solely for the purpose of explaining legal principles; and repeatedly admonished them that they were the sole judges of the credibility and the weight of the evidence.

It is axiomatic that the charge to the jury must be considered as a whole.[4] So

---

[1] Kinard v. United States, 68 App.D. C. 250, 96 F.2d 522.

[2] United States v. Atkinson, 297 U. S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555. See also, Crawford v. United States, 212 U.S. 183, 194, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann.Cas. 392; Brasfield v. United States, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345; Weems v. United States, 217 U.S. 349, 362, 30 S.Ct. 544, 54 L.Ed. 793, 19 Ann.Cas. 705; Clyatt v. United States, 197 U.S. 207, 221–222, 25 S.Ct. 429, 49 L.Ed. 726; Kinard v. United States, 68 App.D.C. 250, 96 F.

[2] 2d 522, 526. Cf. Bailey v. Block, 67 App. D.C. 57, 89 F.2d 801.

[3] Morris v. United States, 61 App.D.C. 257, 258, 61 F.2d 520, 521, certiorari denied, 287 U.S. 597, 53 S.Ct. 22, 77 L. Ed. 520. See also, Webster v. United States, 8 Cir., 59 F.2d 583, 587, certiorari denied, 287 U.S. 629, 53 S.Ct. 81, 77 L. Ed. 545; Stassi v. United States, 8 Cir., 50 F.2d 526.

[4] Schaefer v. United States, 251 U.S. 466, 471, 40 S.Ct. 259, 64 L.Ed. 360; Sullivan v. District of Columbia, 20 App. D.C. 29, 37; Lehman v. District of Columbia, 19 App.D.C. 217, 232, 236.

considered, in the present case, appellant's assignments of error are entirely lacking in merit. In our opinion he has had a fair and impartial trial.

· Affirmed.