Robert **ROBERTS**, Jr., Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15587.

United States Court of Appeals
District of Columbia Circuit.

Argued May 5, 1960.

Decided June 9, 1960.

**210**

Mrs. Jean F. Dwyer, Washington, D. C., for appellant.

Mr. Donald S. Smith, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and BAZELON, Circuit Judge.

PRETTYMAN, Chief Judge.

■ Appellant, upon a jury trial, was convicted of robbery, rape and sodomy.[1] On appeal he first attacks the sufficiency of the evidence supporting his conviction. He claims the evidence of identification of him as the attacker would not permit reasonable men to find him guilty beyond a reasonable doubt,[2] citing, *inter alia,* Cooper v. United States.[3]

The victim testified she had not seen her assailant's face, but she was able to describe his attire, especially a khaki-colored cap and an identification bracelet.

The day following the attack she received a phone call. Pursuant to that call, and accompanied by her husband and police officers, she went to a certain location where appellant, who was dressed as her assailant had been dressed, approached her and asked her if she was Clara; this was in fact her name. These circumstances are inexplicable as mere coincidence. In addition, two girls testified that on the night of the attack they had seen a man dragging a woman down the alley where the attack was alleged to have taken place, and they identified the defendant as the man they had seen; they picked him out of a police lineup. They did not say they had ever seen his face, but they did recognize his clothing and build as those of the attacker.[4] Thus it was for the jury to consider whether this evidence was sufficient to support a finding beyond a reasonable doubt that defendant was the assailant.

■■ Appellant also claims that the trial judge committed prejudicial error through his questioning of a defense alibi witness after extensive cross-examination by the prosecutor. It is well settled in the federal courts that a trial judge may "elicit the truth by an examination of the witnesses."[5] The trial court here sought to test the accuracy of the witness's memory by inquiring about her activities during the day prior to the attack, and thus to aid the jury in its determination of the witness's reliability and credibility. A comment by

---

\* Sitting by designation pursuant to Sec. 294(d), Title 28, U.S.Code.

1. D.C.Code §§ 22–2901, 22–2801, 22–3502 (1951).

2. At the trial appellant moved for a judgment of acquittal on the ground that there was no corroboration of the complaining witness's claim of sexual attack, but he does not urge this contention on appeal.

3. 94 U.S.App.D.C. 343, 218 F.2d 39 (D.C. Cir.1954). See Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229 (D.C. Cir.), certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

4. An officer testified that the complainant had told him her attacker was of about the same height and build as he (the officer) was, and that he was 6′ 1¾″ tall. The record is not clear as to appellant's height, but the jury was able to judge for itself whether any weight should be given to the officer's testimony.

5. Glasser v. United States, 315 U.S. 60, 82, 62 S.Ct. 457 (1942). And see Griffin v. United States, 83 U.S.App.D.C. 20, 164 F.2d 903 (D.C.Cir.1947), certiorari denied, 333 U.S. 857, 68 S.Ct. 727, 92 L. Ed. 1137, 86 L.Ed. 680 (1948).

the trial judge concerning the possibility of perjury by alibi witnesses was made out of the hearing of the jury and was not intended as a comment upon the testimony of any specific witness. When it was ascertained, out of the presence of the jury, that the line of questioning might embarrass the witness, the witness was excused. Under these circumstances we find no merit in appellant's claim of prejudicial error.

■■ Appellant's last contention is that the trial court committed prejudicial error in its charge to the jury. The court mentioned certain evidence which might be considered by the jury as corroborating the charges of rape and sodomy. Appellant complains that the court did not mention pieces of evidence which might tend to cast doubt upon the claim of sexual attack. The court made clear to the jury that the reason for mentioning these parts of the evidence was to illustrate the meaning of "corroboration" in this context. The rule of law is that the testimony of the complaining witness in these offenses must have some "corroboration".[6] The court carefully admonished the jury that they, and they alone, must decide whether sufficient corroboration existed. The court expressed no opinion on the evidence. We think the charge could not have prejudiced the defendant.

■ Even though appellant relied principally upon the defense of alibi, we cannot agree with the Government's contention that he is precluded from challenging the charge on corroboration; defense counsel's alleged admissions or concessions seem to us to have gone no further than to admit that an assault had occurred, without conceding the existence of a sexual attack.[7]

■ It is well settled in the federal courts that a trial judge may summarize and comment upon the evidence. The rules which govern the judge in so doing were stated *in extenso* by Chief Justice Hughes in the Quercia case [8] and have been recited many times in many cases.[9] We think the trial court in the case at bar in no way contravened those rules.

■ The rule uniformly followed is that the effect of instructions upon the jury must be judged by consideration of the charge as a whole.[10] The charge in this case fell well within that rule.

Affirmed.

BAZELON, Circuit Judge (concurs).

I concur in the result and in the opinion except that I resolve the questions with somewhat more difficulty than seems apparent from the opinion.

6. Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633 (D.C.Cir.1942), certiorari denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943).

7. See also note 2, supra. We reject the Government's contention that the defense failed to make a proper objection to the charge. In response to an inquiry whether there was any objection, defense counsel responded: "Nothing more than we discussed yesterday." During the discussion referred to, counsel did make the specific objection now raised on appeal. We might point out that many disputes and much difficulty on appeal would be avoided if counsel always made it a point to state or reiterate an objection to the charge fully and precisely *after* the charge is given, even if, as here, the objection can be saved by some general reference back to a prior colloquy.

8. Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933).

9. See, e. g., Billeci v. United States, 87 U.S.App.D.C. 274, 184 F.2d 394, 24 A.L.R.2d 881 (D.C.Cir.1950).

10. See Stoneking v. United States, 232 F. 2d 385, 389 (8th Cir.), certiorari denied, 352 U.S. 835, 77 S.Ct. 54, 1 L.Ed.2d 54 (1956); Kinard v. United States, 69 App. D.C. 322, 101 F.2d 246 (D.C.Cir.1938).