**Albert C. WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 4059.**

District of Columbia Court of Appeals.

Argued Feb. 13, 1967.

Decided May 2, 1967.

Carl L. Taylor, Washington, D. C., for appellant.

Edward T. Miller, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

Appellant was tried by jury and convicted of negligent homicide, D.C.Code 1961, § 40-606, and has appealed.

The principal matter with which we need to deal is the claim that the trial judge unduly intervened in the trial, usurped the function of counsel in cross-examination of witnesses, and harassed and discredited defense counsel to such an extent as to impair his ability to properly represent the defendant.

We have been guided by the rulings and observations in Jackson v. United States, 117 U.S.App.D.C. 325, 329 F.2d 893 (1964) and Young v. United States, 120 U.S.App.D.C. 312, 346 F.2d 793 (1965). The first of these cases dealt with needless or overactive interrogation of witnesses by a trial judge.

The second dealt with continuous interruptions and improper criticisms of defense counsel. We have closely studied the transcript, fully aware that it is not always possible to recapture the atmosphere of a trial from a typewritten script. We are aware, too, that we should "guard against the magnification on appeal of instances which were of little importance in their setting." Glasser v. United States, 315 U.S. 60, 83, 62 S.Ct. 457, 471, 86 L.Ed. 680, 706 (1942).

Sometimes there is difficulty in formulating and applying the tests by which such situations are to be judged on appeal. But it has generally been understood and held that a judge must not so inject himself into the examination or cross-examination of witnesses as to assume the role of an advocate or seem to favor one party against the other, especially in a criminal case. And it has been held over and over again that a judge must be cautious in personal criticism of defense counsel and refrain from making disparaging remarks to or concerning counsel, lest they reflect on and injure the defendant. There seems to be no doubt that both of these rules were violated in this case, time after time.

After criticizing defense counsel for being "unfair" to a government witness on cross, the judge took over and questioned the witness at length, posing questions which were to the detriment of the defense and leading to a protest by defense counsel that the judge was "hampering" his cross-examination. Similarly, to the same or a lesser degree, the judge injected himself into the cross-examination of two other government witnesses. He also took over the examination of four defense witnesses, consuming with two of them considerable time on extraneous matters which placed them in a bad light. These were not like those situations where a judge may properly intervene to question a witness on a subject overlooked by inexperienced counsel, or to assure that pertinent information is not lost to the jury.

As to unfair treatment of counsel the record reveals that a score or more times the judge rebuked defense counsel for "unfair" questions or tactics, or stopped him in the course of examination, or made belittling or waspish or sardonic remarks to him. As we read the record these were all gratuitous and unjustified. And we can easily understand the complaint of defense counsel that the judge thereby unnerved him or threw him "off balance" in the conduct and presentation of his case. We pause to comment that while the bar owes respect and deference to the bench, judges owe a corresponding duty of courtesy and respect to the bar. But our ultimate concern here is not that a lawyer was mistreated but that the repeated criticism and belittling of the lawyer almost certainly prejudiced the defendant in the eyes of the jury.

Indicative of the atmosphere of the trial is an incident which took place at the end of the first day of trial, out of the presence of the jury. The judge in a lengthy series of statements sternly challenged the right of defendant as an indigent to be represented by the Legal Aid Agency, deploring that he was being defended "at public expense," and concluded by telling defense counsel, "I am going to look at this situation very carefully and you are going to have to answer for your representation of this man."

It is significant that at the opening of court the next morning defense counsel moved for a mistrial on the ground of the prejudicial conduct the day before, and cited and read rather extensively from the applicable language in the *Young* decision, supra; and yet there was little or no relenting in the oppressive remarks.

We do not forget that a trial judge has the responsibility of moving a trial along in an orderly and efficient manner; in short that he has the responsibility of managing the conduct of a trial. But that does not mean overmanaging, certainly not to the point of repeated overparticipation in examination of witnesses. It surely does not mean repeated discrediting of counsel at the expense of his client. In a situation like this there is perhaps a temptation to say too much. We think we have said enough.

The damage in this case can only be repaired by a new trial.

Reversed.