Richard E. SMITH, Appellant,

v.

UNITED STATES, Appellee.

Michael A. THOMPSON, Appellant,

v.

UNITED STATES, Appellee.

No. 7335, 7535.

District of Columbia Court of Appeals.

Argued June 26, 1974.

Decided Sept. 13, 1974.

Robert Case Liotta, Washington, D. C., appointed by this court, for appellant Richard E. Smith.

Leroy Nesbitt, Washington, D. C., appointed by this court, for appellant Michael A. Thompson.

William D. Pease, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and John T. Kotelly, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

These consolidated appeals were brought following convictions of rape (D.C.Code

1973, § 22–2801), sodomy (D.C.Code 1973, § 22–3502), and assault with a dangerous weapon (D.C.Code 1973, § 22–502). Both appellants contend that they were denied a fair trial. Appellant Thompson contends that the trial court erred in sentencing him as an adult. Appellant Smith contends that it was error to allow the government to present testimony in rebuttal to appellant's alibi witness without first supplying the name and address of the witness as required by Superior Court Criminal Rule 16–I(b). It is the holding of the court that there was no denial of a fair trial. The adult sentence imposed upon appellant Thompson is affirmed. We conclude, however, that reversible error was committed by failure of the court, on Smith's objection, to exclude the rebuttal testimony. Therefore, Smith's conviction is reversed and his case is remanded for a new trial.

On November 13, 1972, at approximately 6:30 p. m., appellants approached an 18-year-old girl as she was walking along a street. Thompson grabbed the girl by her arm and placed a gun in her back telling her to follow Smith, who was walking in front of her. The girl was led down an alley and into an empty garage. She was assaulted by both men as charged and by one other unidentified man. Subsequently, the girl was taken to another garage several blocks away at which place appellants repeated the attacks. Appellants fled the scene but were apprehended the next day when the girl saw them and called the police.

I

■ Both appellants contend that the trial court committed reversible error by overstepping the bounds of judicial conduct. Four instances are referred to wherein the trial court intervened. They are the questioning of a prosecution witness respecting verity of identification testimony; restriction of defense cross-examination; intimidation of defense counsel; and an inquiry as to the purpose of a requested bench conference. Placed in the context of this extensive trial, we conclude that the trial court's actions represent isolated instances which did not rise to the level of "tilting the balance against the accused and casting the judge, in the eyes of some jurors, on the side of the prosecution." *See* Jackson v. United States, 117 U.S.App.D.C. 325, 326, 329 F.2d 893, 894 (1964).

II

■ Appellant Thompson contends that the court erred in sentencing him as an adult when he would have benefited from rehabilitative treatment under the Youth Corrections Act (18 U.S.C. § 5010). Since the record reveals that the trial judge specifically found Thompson would not benefit from the Youth Corrections Act, this contention is without merit. *See* Dorszynski v. United States, —— U.S. ——, 94 S.Ct. 3042, 41 L.Ed.2d —— (1974); Smith v. United States, D.C.App., 322 A.2d 592 (1974).

III

The record reveals that Smith called his fiancée as an alibi witness. She testified that on the day in question Smith had been with her in the morning and that they were together until "[b]etween 12 and 1 o'clock" in the afternoon. She also testified that later that day "[h]e came home just before dark, between five and six o'clock", and that he was with her the remainder of the evening. It must be remembered that the offenses, according to the victim, were committed at about 6:30 p. m., and thereafter.

In response to this alibi testimony, the prosecutor sought to call a rebuttal witness. Defense counsel objected since the name and address of the witness had not earlier been furnished according to Superi-

**182**

or Court Criminal Rule 16–I(b).[1] Defense counsel recounted that he had received notice from the prosecutor requesting the names of alibi witnesses and that he had complied with such request. Later, there had been a telephone conversation between counsel and the prosecutor with reference to the time period involved, but the prosecutor had not responded with names of witnesses who were to be "counter alibi witness[es]". The court allowed the witness to testify, over objection, reasoning:

> This is not a part of the Government's case in chief. It is a tactical move on [its] part. It is a risky one, but insofar as you put on an alibi case, [the prosecutor] has saved one witness, I take it, to rebut that alibi. There is no provision here that says you have to say who your rebuttal witness will be.

The witness was the proprietor of a store located across the street from where the attack began. He testified that on the day in question Smith had been in and out of the store periodically and that at 6:00 p. m. Smith had left the store on request by the witness because he was closing the store for the day. The primary effect of this witness' testimony was to rebut the alibi witness' credibility respecting appellant's whereabouts between five and six o'clock. It incidentally also placed appellant across the street from the scene·of the

crime approximately thirty minutes before the attack occurred.

The issue is not whether the store owner's testimony would have "establish[ed] the defendant's presence at the scene of the alleged offense" within the meaning of Rule 16–I(b), *supra*. The question is of constitutional dimension in light of Wardius v. Oregon, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), which holds respecting reciprocal discovery under a notice-of-alibi rule that:

> It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning *refutation* of the very pieces of evidence which he disclosed to the State. [*Id.* at 476, 93 S.Ct. at 2212, emphasis supplied.]

Placing this issue in context, it is noted that in 1970, the United States Supreme Court upheld the constitutionality of the Florida notice-of-alibi rule in Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L. Ed.2d 446 (1970). That rule, differing from Rule 16–I respecting whether prosecution witnesses are in rebuttal or will place the defendant at the crime scene, provided for prosecution disclosure "of the witnesses the State proposes to offer in rebuttal to discredit the defendant's alibi at the trial of the cause." In *Williams,* the

1. Rule 16–I provides:

Defense of Alibi

(a) Demand by Prosecutor; Notice by Defendant. When a defendant in a felony case proposes to offer the defense of alibi, he shall, unless the judge at pretrial directs otherwise, upon written demand of the prosecutor stating the time, date and place at which the alleged offense was committed, serve upon the prosecutor within 10 days or such time as the court may otherwise direct, a written notice of his intention, and shall state therein the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi.

(b) Notice by Prosecutor. Within 10 days thereafter, or such time as the court

may otherwise direct, but in no event less than 10 days before trial, the prosecutor shall serve upon the defendant or his attorney a written notice stating the names and addresses of the witnesses upon whom the government intends to rely to establish the defendant's presence at the scene of the alleged offense.

(c) Failure to Comply; Right of Defendant to Testify. Upon the failure of either party to comply with the respective requirements of this rule, the court shall, except for good cause shown, exclude the testimony of any witness offered by such party as to the defendant's absence from, or presence at, the scene of the alleged offense. This rule shall not limit the right of the defendant to testify in his own behalf.

Florida rule was attacked on the basis that it deprived a defendant of due process and also that it violated the privilege against self-incrimination. In upholding the statute, the Supreme Court stated:

> Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate. . . . [*Id.* at 81, 90 S.Ct. at 1896.]

This holding, however, was not a blanket approval of all notice-of-alibi rules. The Court indicated that Florida provided for liberal discovery from the State and that constitutionality of similar rules might depend upon "whether the defendant enjoys reciprocal discovery against the State." *Id.* at 82 n. 11, 90 S.Ct. at 1896.

In light of the *Williams* decision, Rule 16–I was adopted in 1971. Since that time, and we must add after the trial of this case, Wardius v. Oregon, *supra,* was decided.[2] The Oregon rule required a defendant to give written notice of intended alibi witness but did not provide for any reciprocal discovery. Wardius, having failed to so notify the prosecutor, was precluded from introducing any evidence in support of his alibi defense.

■ In striking down the Oregon statute, the Supreme Court recognized that the Due Process Clause does not dictate the amount of discovery that must be afforded to parties, but "it does speak to the balance of forces between the accused and his accuser." *412 U.S. at 474, 93 S.Ct. at 2212.* It is in this context that the Court held that evidence in "refutation" of alibi must be disclosed. The standard as envisioned by the Supreme Court is reciprocal discovery of every witness who will be used to refute "the very pieces of evidence" disclosed to the State. This requirement enlarges the scope of discovery beyond Rule 16–I, *supra.*

■ Appellant Smith's conviction (No. 7335) is therefore reversed and remanded with instructions to grant him a new trial. Appellant Thompson's conviction (No. 7535) is affirmed.

So ordered.

---

2. Application of that holding to this case is clear despite its predating the ruling of the trial judge. *See* Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1776, 16 L.Ed.2d 882 (1966); Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).