Annell B. HAUGHTON, Appellant,

v.

Theodore BYERS, Appellee.

Nos. 12358, 14025.*

District of Columbia Court of Appeals.

Argued Jan. 3, 1979.

Decided Feb. 13, 1979.

---

* In appeal No. 14025, appellee cross-appeals on whether the permanence of injuries issue was

correctly before the jury. We find that it was since the pretrial order did not forclose the

Gerald I. Holtz, Rockville, Md., with whom Harold A. Sakayan, Rockville, Md., was on the brief, for appellant.

Leonard C. Greenebaum, Chevy Chase, Md., with whom Thomas Hylden, Washington, D. C., was on the brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and KERN, Associate Judges.

NEWMAN, Chief Judge:

Appellant seeks review of a jury award in her favor for $7,000. She contends that the trial court, by its extensive questioning of

permanence issue and the court's denial of the defense motion to strike the permanence issue was not an abuse of the court's discretion. *See Clarke v. District of Columbia*, D.C.App., 311 A.2d 508, 511 (1973); *All Weather Storm Windows, Inc. v. Zahn*, D.C.Mun.App., 112 A.2d 496, 497 (1955).

witnesses at trial, deprived her of her right to a fair trial as guaranteed by the due process clause of the Fifth Amendment. We agree and reverse.[1]

■ The case arises from an automobile accident in which the appellee admitted liability, leaving the issue of damages for the jury. Appellant sustained multiple injuries to her back, left arm, and right shoulder necessitating extended medical attention. She was treated by Dr. Frohman and Dr. Hustead, both of whom testified at trial. During this four-day trial, the court propounded approximately 550 questions, of which the major portions were directed to appellant and her experts' testimony. Some pertinent examples are as follows: (1) in apparently seeking to clarify the amount of sick leave appellant had while she was under treatment, the court zealously and extensively cross-examined appellant, not only concerning her knowledge of the amount of her sick leave, but also the coincidence of her returning to work at approximately the time that sick leave expired;[2] (2) the court's questions concerning appellant's vacation time took a dramatic turn when the court strenuously examined appellant about her ability to sightsee while suffering from her alleged injuries; (3) the court made improper and uncalled-for innuendoes concerning Dr. Frohman's method of treatment, especially his practice of allowing trained personnel to administer certain treatments while he was not in the office, commenting derogatorily that on some of those occasions, the doctor was on the golf course; and (4) the court further suggested on several occasions that Dr. Frohman was biased due to what the court implied was a less than ethical relationship between him as treating physician and appellant's counsel. At one point the court asked, when the doctor could not find a report, "Do you file it under the patient's name or the lawyer's name." The foregoing are rather typical examples of the repeated intrusion of the court in the examination of the witnesses. These intrusions mostly occurred prior to the parties' completing their examination of the witnesses. Evidence adduced at trial proved that appellant's medical expenses totalled $5,048.48 and lost wages amounted to $4,672 plus $100 deductible for the repair of her car.

■ We recognize "the right of a trial judge to make proper inquiry of any witness when he deems that the end of justice may be served thereby and for the purpose of making the case clear to the jurors." *Griffin v. United States*, 83 U.S.App.D.C. 20, 21, 164 F.2d 903, 904 (1947), *cert. denied*, 333 U.S. 857, 68 S.Ct. 727, 92 L.Ed. 1137 (1948). *See Glasser v. United States*, 315 U.S. 60, 82, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Jackson v. United States*, 117 U.S. App.D.C. 325, 325, 329 F.2d 893, 893 (1964); *Roberts v. United States*, 109 U.S.App.D.C. 75, 76, 284 F.2d 209, 210 (1960), *cert. denied*, 368 U.S. 863, 82 S.Ct. 109, 7 L.Ed.2d 60 (1961). The judge not only has the right but also the duty to intercede in an examination "to draw more information from reluctant witnesses or experts who are either inarticulate, less than candid or not adequately interrogated," *Jackson v. United States, supra*, 117 U.S.App.D.C. at 325, 329 F.2d at 893, and to interrogate when it becomes essential to the development of the facts of the case. *United States v. Liddy*, 166 U.S.App.D.C. 95, 105, 509 F.2d 428, 438 (1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 842 (1975).

■ Nevertheless, the judge must remain "a disinterested and objective participant in the proceeding." *Billeci v. United States*, 87 U.S.App.D.C. 274, 283, 184 F.2d 394, 403 (1950). Once his neutral position

1. Appellant further contends that her treating physician's testimony concerning lost wages should have been admitted at trial. We do not rule on this contention since a new trial is ordered.

2. Normally, the fact that a plaintiff received compensation from an employer for time lost from work is inadmissible in a tort action against a third party for personal injuries. *See Martin v. Sheffield*, 112 Utah 478, 189 P.2d 127, 131 (1948); *Campbell v. Sutliff*, 193 Wis. 317, 214 N.W. 374, 375–76 (1927); Annot., 7 A.L. R.3d 516 (1966); Annot., 52 A.L.R.2d 1451 (1957).

has been jeopardized, the judicial evenhandedness that should pervade the courtroom disappears and "the right to a fair trial may be imperiled." *United States v. Barbour,* 137 U.S.App.D.C. 116, 118, 420 F.2d 1319, 1321 (1969). The judge, by overextensive questioning, may then be taking on the role of the advocate, *id.,* and "oversteer[ing] the jury or control[ling] their deliberations." *United States v. Liddy, supra,* 166 U.S.App. D.C. at 105, 509 F.2d at 438. If the judge is clearly hostile to or aligns himself with one of the parties, the resulting prejudice "renders invalid any . . . judgment in favor of the party so favored." *Wright v. Mathias,* D.C.Mun.App., 128 A.2d 658, 660 (1957), quoting *Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir. 1956). Therefore, judicial restraint is mandated by due process.

█ Given the judge's position in the courtroom, with the obvious effect his remarks have on a jury, coupled with the difficulty of assessing exactly what harm extensive questioning may cause, the general rule is that "the interrogation of witnesses is ordinarily best left to counsel, who presumably have an intimate familiarity with the case." *Jackson v. United States, supra,* 117 U.S.App.D.C. at 326, 329 F.2d at 894.

█ The record in this case reveals an inordinate number of instances of extensive examination and cross-examination of witnesses that exceeded the bounds of proper judicial conduct. This situation was made worse by highly prejudicial comments by the court. Appellant adequately preserved the issue for appeal by: (1) once attempting to move for a mistrial, which the trial court initially declined to entertain but subsequently heard and denied; and (2) making two subsequent motions for mistrial. The record makes palpably clear that the court was fully aware of appellant's concerns about the nature, scope, and extent of its intervention in the proceedings, but, in face thereof, failed to moderate its participation. The cumulative impact of the court's undue involvement operated to deprive appellant of a fair trial as is constitutionally guaranteed.

*Reversed and remanded for a new trial on damages.*