George W. THOMAS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20287.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 9, 1967.

Decided May 4, 1967.

Mr. William P. Bernton, Washington, D. C. (appointed by this court), for appellant.

Mr. Robert A. Ackerman, Atty., Dept. of Justice, with whom Mr. David G. Bress, U. S. Atty., and Messrs. Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

. Before BAZELON, Chief Judge, PRETTYMAN, Senior Circuit Judge, and DANAHER, Circuit Judge.

PRETTYMAN, Senior Circuit Judge:

Appellant Thomas was indicted, tried before a jury, and convicted for carnal knowledge of a 15-year-old girl.[1] He seeks reversal on the sole ground that there was inadequate corroboration of the prosecutrix's testimony identifying him as her assailant.[2] We affirm.

The case for the Government was that the complainant-victim left her home at about 8:30 in the evening in mid-February to walk half a dozen blocks to visit a school girl friend. Halfway there she was accosted by Thomas, who told her he went to the same school she attended. He seized her wrist, threatened her, and caused her to sit with him on a nearby ledge. After several minutes' conversation, when she arose to go, he grabbed her, forced her to a nearby playground, and raped her. She ran screaming to her home, and the police were notified immediately. The testimony of one of the investigating officers and of her grandfather was that the girl was distraught, that there were red welts on her neck where she claimed her assailant had held

1. D.C.CODE § 22–2801 (1961).

2. He appeals specifically from the denial of his motion to dismiss the indictment made after a prior trial on this charge ended in a hung jury; from the denial of his motion for a directed acquittal made at the close of the Government's case; and from the denial of his motion for a new trial or in the alternative for a judgment n. o. v. made following the verdict.

her, and that her clothing was muddy and in disarray. Shortly after the arrival of the police, the girl, with her mother and the officers, retraced the route she had taken and returned to the scene of the crime. Later that evening she was taken to D. C. General Hospital, where medical examination established that she had been sexually assaulted and that the experience was her first. The girl positively identified the appellant as her assailant the next day, after he had been arrested. There was no evidence to indicate that the girl was emotionally unstable, that she had any incentive to implicate the defendant falsely, or that she had been pressured in any way to make the identification.

At the trial appellant rested his defense on the testimony of his mother that he did not own a red-checked shirt such as the victim said her assailant wore, and testimony by the dry-cleaner who periodically cleaned his clothes that he did not remember any such clothing. As we have said, upon this appeal Thomas presents as his only point the contention that the prosecution lacked the corroborating evidence necessary in a case such as this.

Appellant argues that the Government failed to establish circumstances in proof that independently "point to the probable guilt of the accused, or, at least, corroborate indirectly the testimony of the prosecutrix."[3] He points out that this standard, first announced in Kidwell v. United States,[4] generally requires corroboration of both the *corpus delicti* and the identification of the attacker.[5]

The need for corroboration depends upon the danger of falsification. The "danger of an erroneous identification in a rape case is not of the same magnitude as the danger of a fabricated rape".[6] And where, as here, (1) there is no dispute that a rape in fact occurred, (2) consent is not an issue, and (3) there is no evidence undermining the trustworthiness of the complaining witness, her identification "based on adequate opportunity to observe" may need no further corroboration.[7]

This is not a case where the prosecutrix admittedly was unable to see the accused's face fully during the assault and was uncertain at the time she made the original identification. Nor is it a case where the victim's original description of her assailant did not fit the man whom she subsequently identified on a street corner while she was being driven by the police through certain neighborhoods in a random search for her attacker.[8]

The circumstances in this case substantially minimize any danger of mistake or falsification in the girl's identification. There is no dispute that the victim was attacked. And her description of the event was supported by her prompt report, the condition of her clothing, the welts on her neck, and her reported emotional condition. Nothing appears which casts doubt upon her testimony that she had abundant and unfettered opportunity to observe the accused prior to the crime, and she positively identified him the day following the crime. Her good character and credibility were unscathed by rigorous and extensive cross-examination.

We think the facts here presented were sufficient to send the case to the jury.

Affirmed.

3. Kidwell v. United States, 38 App.D.C. 566, 573 (1912) ; Ewing v. United States, 77 U.S.App.D.C. 14, 16–17, 135 F.2d 633,·635–636 (1942), cert. denied, 318 U. S. 776, 63 S.Ct. 829, 87 L.Ed. 1147 (1943) ; Roberts v. United States, 109 U.S.App.D.C. 75, 284 F.2d 209 (1960). See 62 YALE L.J. 55 (1952).

4. 38 App.D.C. 566 (1912).

5. Walker v. United States, 96 U.S.App. D.C. 148, 223 F.2d 613 (1955); Franklin v. United States, 117 U.S.App.D.C. 331, 330 F.2d 205 (1964).

6. Franklin v. United States, 117 U.S.App. D.C. 331, 334, 330 F.2d 205, 208 (1964).

7. *Id.* at 335, 330 F.2d at 209.

8. McKenzie v. United States, 75 U.S.App. D.C. 270, 126 F.2d 533 (1942).

BAZELON, Chief Judge (concurring):

If the victim's identification is "based on adequate opportunity to observe," perhaps no further corroboration is required. But here there is no evidence corroborating the victim's testimony that there was such an opportunity. See Walker v. United States, 96 U.S.App.D.C. 148, 156, 223 F.2d 613, 621 (1955) (dissenting opinion). I would, therefore, rest affirmance on a matter which appears in the record but was not discussed by the parties on this appeal.

During the first full day of trial, the victim testified that while her attacker was detaining her on the street, she sought assistance from passers-by, none of whom would stop. She identified one of those who passed as a neighbor who might have recognized her. There is no indication in the record that she ever mentioned the neighbor prior to this testimony, either to the police or at a previous trial that had ended in a hung jury.[1] At any rate, the Government immediately sought to have the witness brought forth; a subpoena was issued and served that evening on his son.

Next morning, the following occurred in open court, out of the presence of the jury:

> The Court: What is the situation as to this witness?

> The Prosecutor: We have not seen * * * [him]. He has not shown up to our knowledge, Your Honor.

> Defense Counsel: Your Honor, I have given this some consideration overnight. If * * * [he] had been present this morning, I would have gone through with the identification and whatnot, but I will be willing to withdraw my desire for an instruction on a missing witness under the circumstances and will not argue the point to the jury.

The failure to produce a witness, named by the victim as one who might corroborate her identification, would tend to undermine the sufficiency of the Government's case. But since defense counsel waived this failure, I think it appropriate to assume that he satisfied himself that the testimony of the missing witness would support the Government's case.[2]

Viewing this circumstance in light of the record discussed in the court's opinion, I agree that we should not disturb the conviction.

---

1. Defense counsel had access to the police reports in the case and also represented appellant at the first trial.

2. One ground on which a new trial was sought following the verdict was that the "defendant desires * * * to place before the court evidence * * * not presented * * * at trial." There is no indication, however, that this evidence had to do with the missing witness.