**UNITED STATES of America,**

v.

**Johnnie DEWS, Appellant.**

**No. 22347.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 1, 1969.

Decided June 26, 1969.

---

754

Mr. Edmund D. Campbell, Washington, D. C. (appointed by this court) for appellant.

Mr. John D. Aldock, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, Frank Q. Nebeker, Asst. U. S. Atty. at the time the brief was filed, and Harold H. Titus, Jr., Asst. U. S. Atty., were on the brief for appellee.

Before BURGER,* McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

 Appellant was convicted of carnal knowledge of a female under 16 years of age in violation of 22 D.C.Code § 2801 (1967). He attacks his conviction by means of three allegations of error. Only one, however, requires extended discussion.[1]

 Appellant's only substantial contention of error is that the prosecutor exceeded permissible bounds in his closing argument to the jury. Upon inspection of the record, we find that both the prosecutor and defense counsel offended by the use of improper argument to the jury (see, e.g., Tr. 171, 172, 183, 185, 202, 208). We point out again, as we have in the past, that attorneys should

---

* Burger, *Circuit Judge*, did not participate in the disposition of this case.

1. Appellant also argues that the failure of the trial judge to instruct the jury on the need for corroboration of the prosecutrix' identification of appellant constitutes "plain error" (Fed.R.Crim.P. 52 (b)). We find no cause for reversal on this ground because no objection was made at trial and no such instruction was requested by defense counsel. Further, we find that there was in fact sufficient evidence in the record from which the jury could find corroboration. *See* Bailey v. United States, 132 U.S.App.D.C. 82, 405 F.2d 1352 (1968); Thomas v. United States, 128 U.S.App.D.C. 233, 387 F.2d 191 (1967).

Secondly, appellant argues that failure to instruct on the lesser included offense was reversible error. This claim also fails because appellant did not object to any portion of the charge given and did not request such an instruction.

refrain from arguing their personal opinions to the jury as to the veracity of the defendant. Indeed, we had occasion to make this clear recently in Harris v. United States, 131 U.S.App.D.C. 105, 107, 402 F.2d 656, 658 (1968):

> Many strong adjectives could be used but it was for the jury, and not the prosecutor, to say which witnesses were telling the truth.

*See also* Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); Taylor v. United States, —— U.S.App.D.C. 188, 413 F.2d 1095 (decided May 1, 1969).

■ In the particular circumstances of this case it was improper for the prosecutor to refer to the defendant's "prevarication" (Tr. 171). It was equally improper, however, for defense counsel to tell the jury that the prosecutrix "is easily a recipient of suggestions from clever enforcement officers," (Tr. 185) or to inform the jury that "I think he (the prosecutor) bought their testimony" (Tr. 183).

After a careful reading of the closing arguments for both sides, we find that, although both counsel exceeded permissible limits, their statements were not such as to enable us to conclude that the remarks so prejudiced the defendant that a new trial is required. We are buttressed in our conclusion by the fact that this case was basically a "credibility contest"[2] between the defendant and the prosecutrix. The jury believed the prosecutrix' version and not that of the defendant. We will not alter their choice. Thus, we find, as we did in *Harris*, that the excessive zeal of counsel did not have a "significant impact on this case." Harris v. United States, *supra*, 402 F.2d at 657.

Since we find no reversible error in the district court proceedings, appellant's conviction must be

Affirmed.

---

2. Brief for Appellant at 20.