STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
EDWARD TIRONE, DEFENDANT-RESPONDENT.

Argued November 21, 1973—Decided February 5, 1974.

*Mr. Dante P. Mongiardo,* Assistant Prosecutor, argued the cause for appellant (*Mr. Joseph D. J. Gourley,* Passaic County Prosecutor, attorney).

*Mr. Carl R. Lobel,* Assistant Deputy Public Defender, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

The opinion of the Court was delivered by

COLLESTER, P. J. A. D., Temporarily Assigned. Defendant was indicted for assault with intent to commit rape in violation of *N. J. S. A.* 2A:90–2 and rape in violation of *N. J. S. A.* 2A:138–1. He was found guilty by a jury of rape and sentenced to a prison term of 10-15 years. On ap-

peal, the Appellate Division reversed the judgment of conviction in an opinion reported at 124 *N. J. Super.* 530 (1973). This Court granted the State's petition for certification. 63 *N. J.* 584 (1973).

According to the State's testimony Linda Sanzari first met the defendant at about 4 P.M. on February 17, 1971 while she was getting coffee for fellow employees outside the dress shop where she was employed at the Willowbrook Mall in Wayne Township. Following a conversation she consented to have a date with him when she finished work that evening at 10 P.M. When Miss Sanzari met the defendant later it was agreed that they would use her car because Ines Barreto, defendant's companion, needed Tirone's car to drive home. Miss Sanzari and the defendant thereafter went to a restaurant, two cocktail lounges and a diner. They then drove to Passaic and stopped on a street near defendant's home. Miss Sanzari testified that after a good-night kiss defendant made improper advances which she resisted. She said that when she struggled to be released defendant struck her twice in the face, choked her, and then raped her. Miss Sanzari testified the criminal attack occurred at 1:30 A.M. after which she drove to her home in Hackensack. At about 8 A.M. that morning she telephoned her brother's house and told his wife what had happened. The latter told the brother, Larry Sanzari, and both went to Miss Sanzari's apartment at about 8:30 A.M. She again related the story of the attack. They then went together to the Passaic police headquarters where she reported the crime.

Larry Sanzari testified, over defendant's objection, that when he arrived at his sister's home she told him she had been raped by a man named "Larry" Tirone in Passaic. The testimony was ruled admissible under the "fresh complaint rule." Sanzari and two Passaic detectives also testified they observed cuts on the inside of the victim's swollen lip and discoloration marks on her throat.

Defendant did not testify on his own behalf. The defense called three witnesses who testified that defendant was at

home during the evening of February 17 when the crime allegdly took place. Barreto denied that defendant met Miss Sanzari on the evening of February 17. He claimed that defendant's date with Miss Sanzari was on the previous evening of February 16 and that he was present when Miss Sanzari met defendant at 10 P.M. after she finished work. In rebuttal the State introduced evidence, including records of the victim's employer, which indicated that Miss Sanzari did not work after 6 P.M. on February 16.

On appeal to the Appellate Division, defendant alleged the trial court erred in admitting Larry Sanzari's testimony that his sister told him she had been raped by the defendant. He contended that the "fresh complaint" doctrine was abolished by the adoption of *Evidence Rule* 20 and, that in any event, the victim's complaint to her brother was not a fresh complaint because it was not made until seven or eight hours after the alleged rape occurred and had been made first to her brother's wife. The Appellate Division found no merit in these contentions.

While we agree with the conclusions reached by the appellate court in this connection substantially for the reasons given in its opinion, we think that it should be amplified in view of defendant's claim that *Evidence Rule* 20 abolished the fresh complaint doctrine.

*Evidence Rule* 20 provides that no evidence to support the credibility of a witness shall be admitted except to meet a charge of recent fabrication. The fresh complaint doctrine has traditionally been applied by our courts in rape and morals cases. It permits proof by the prosecution on the State's case that the victim complained of the criminal act within a reasonable time after it occurred to someone she would ordinarily turn to for help and advice. In *State v. Gambutti*, 36 *N. J. Super.* 219 (App. Div. 1955), the Court stated that the victim's complaint was "provable in recognition of the adverse inference which might be expected to flow from silence and for the purpose of negativing or rebutting in advance a self-contradiction which, if not ex-

plained, would tend to discredit her as a witness." (at 226) The doctrine was reaffirmed by this Court in *State v. Balles,* 47 *N. J.* 331, 338–339 (1966), *cert.* denied and appeal dismissed, 388 *U. S.* 461, 87 S. Ct. 2120, 18 *L. Ed.* 2d 1321 (1967). Wigmore equates the admission of such testimony with meeting in advance a charge of recent contrivance. 4 *Wigmore, Evidence* (Chadbourn rev. 1972), § 1129. Since the purpose of admitting fresh complaint testimony is thus, in a sense, to meet in advance a charge of recent fabrication, the introduction of such proof is not in conflict with the limitations of *Evidence Rule* 20.

The Appellate Division reversed the conviction for the reason that the trial judge failed to instruct the jury that Larry Sanzari's fresh complaint testimony was admissible only to bolster the victim's credibility and could not be considered as corroboration of the criminal act charged. The appellate court held that the failure of the trial judge to so charge constituted "plain error" since without the limiting instruction the jury could have been mistaken as to the proper function of such testimony.

We agree that an appropriate limiting instruction should have been given by the trial judge. *Evidence Rule* 6. However, not every trial error in a criminal case requires a reversal of a conviction. The question presented in this case is whether the trial judge's failure to give such a charge was an error "clearly capable of producing an unjust result." *R.* 2:10–2. Our review of the record convinces us that it was not. The evidence of defendant's guilt of the crime was overwhelming. No evidence was adduced which contradicted the State's proof that the victim had been beaten, choked and ravished. The bodily injuries she sustained were fully corroborated by witnesses who had the opportunity to observe them. In the light of such evidence we conclude that the error was harmless and did not mandate a reversal. *Cf. State v. Lair,* 62 *N. J.* 388, 391–392 (1973).

Defendant also contended the trial court erroneously restricted cross-examination of Sergeant Sniatkow-

ski, who testified that the victim said she had been raped by Tirone. Defense counsel sought to question the detective concerning the complaint made in the municipal court which apparently charged only that defendant committed an assault with intent to commit rape. He argued that the purpose of such cross-examination was to affect the credibility of the witness. The trial court sustained an objection on the ground that the complaint had no bearing on the case because the Grand Jury had subsequently returned a two-count indictment charging (1) assault with intent to commit rape, and (2) rape. The Appellate Division indicated that on a retrial of the case if it was shown that Sniatkowski took the victim's original oral complaint and prepared the municipal court complaint such cross-examination would be relevant to test Sniatkowski's credibility.

The record reveals that Sniatkowski had been thoroughly cross-examined as to the oral statements made to him by the victim. The trial was not based on the municipal court complaint but on an indictment prepared by the County Prosecutor pursuant to the action by the Grand Jury. A trial judge has discretion to determine the proper limits of cross-examination of a witness whose credibility is put in issue. *State v. Pontery*, 19 *N. J.* 457, 473 (1955). We conclude that the trial judge did not abuse his discretion in excluding the cross-examination sought in this case.

We turn next to the other points in defendant's brief which were not passed on by the Appellate Division. Defendant alleges the trial court committed plain error in failing to charge the jury that in evaluating the weight to be given to Larry Sanzari's testimony it should consider whether the victim's complaint was made within a reasonable time after the alleged offense occurred. A reading of the charge reveals that the jury was adequately instructed with respect to the factors it should consider in its determination of the credibility of the witnesses. In so doing it made no specific reference to any of the persons who testified. We are satis-

fied that the court's omission of any reference to Sanzari's testimony did not constitute plain error under *R.* 2:10–2.

■ Defendant also argues that comments made by the prosecutor during summation, to which timely objections were made, were prejudicial and inflammatory because they exceeded the scope of the evidence and the bounds of fair comment. He first complains that while referring to the testimony by Elizabeth Kraynek, a defense witness, the prosecutor said, "Looking at these witnesses, I am glad we had the witnesses sequestered." He also complains that while commenting on testimony given by the victim's employer the prosecutor improperly attempted to inject Miss Sanzari's character into the case by stating, "This is the type of victim we are talking about in this case." In the context of the summation as a whole, we cannot say the prosecutor's comments were so inflammatory as to deny defendant a fair trial. The comments were only a small portion of a summation which was largely devoted to a fair review of the evidence. Moreover, the trial court fully instructed the jury that its verdict should be based solely on the evidence and that summations by counsel were not to be considered as evidence. See *State v. Knight,* 63 *N. J.* 187 (1973).

■ The remaining points in defendant's brief relate to the prison sentence of 10-15 years imposed by the court. Defendant first alleges that the sentence was illegal because at the sentencing hearing the trial court said, "The crime is very serious. There appears to be other involvements." Defendant argues that the reference to "other involvements" indicated that the court improperly took into consideration other outstanding charges then pending against the defendant including three rape complaints.

We are satisfied that the sentence was not illegal. We have held that a defendant's arrest record is a factor which may be considered in the determination of an appropriate sentence so long as the sentencing judge does not infer guilt from charges which have not resulted in convictions. *State v. Green,* 62 *N. J.* 547, 571 (1973). We do not read the trial

judge's comment in this case as indicating he inferred defendant's guilt of the outstanding charges. Moreover, the presentence report discloses that defendant had previously pleaded guilty and been sentenced for atrocious assault and battery upon a female after the offense had been downgraded from a charge of rape.

Defendant also contends the sentence was excessive. The sentence was well within the statutory limits. From a review of the record and the presentence report we cannot say that the sentence imposed was inappropriate or represented an abuse of judicial discretion.

The judgment of the Appellate Division is reversed and the judgment of conviction is reinstated.

*For reversal*—Acting Chief Justice JACOBS, Justices HALL, SULLIVAN, PASHMAN and CLIFFORD and Judges CONFORD and COLLESTER—7.

*For affirmance*—None.