**Tommy L. DAVIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13232.**

District of Columbia Court of Appeals.

Argued Oct. 17, 1978.

Decided Jan. 9, 1979.

R. Kenneth Mundy, Washington, D. C., for appellant.

---

Charles L. Hall, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty. and John A. Terry, Michael W. Farrell and Alexia Morrison, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and YEAGLEY, Associate Judges.

NEBEKER, Associate Judge:

On appeal from a rape conviction, D.C. Code 1973, § 22–2801, appellant asserts that he is entitled to a new trial (1) for erroneous denial of a new trial motion where he asserted he was sleeping during parts of the trial because he had taken a prescribed pain killing medication; and (2) because assertedly the jury or some jurors learned he was accused of and arrested for stealing a coat during the trial. He also asserts that corroboration of the victim's testimony was required due to her asserted immaturity (17–18 years old), and that the verdict was against the weight of the evidence. We affirm.

■ Contrary to the appellant's claim, the trial record reveals only that the medication made him drowsy and sleepy, not that he in fact slept. The denial of the new trial motion was predicated on the appellant's failure to inform the court of his inability to stay awake, on his announcement before trial that he was ready for trial and on his report that the injury did not hinder his trial participation. Given the trial court's vantage respecting the trial, the fact that the issue was not broached during or before the trial and the limit on our review of the discretionary denial of the post-verdict motion, we cannot say the trial court abused its discretion in denying that motion.

■ The record on appeal fails to reflect that jury contamination resulted from the stolen coat incident. Thus, reversal cannot be based on this issue. *Crosby v. United States*, D.C.App., 383 A.2d 351 (1978).

The issue of whether a rape victim's testimony required corroboration was for the first time decided negatively by this court in *Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc). We so ruled in the exercise of our supervisory power, *id.* at 344, there being no constitutional or statutory inhibition, *id.* at 343. We eliminated the need for corroboration evidence in rape and its lesser included offenses as to the sufficiency of evidence and, accordingly, also as to the former need for a jury instruction that it must find corroboration. *Id.* at 344. We twice used language limiting this new rule to cases where the victim is a mature female. *Id.*[1]

■ Appellant urges that the victim in this case, at age 17, was, by virtue of her age, not mature and thus corroborative evidence was required to be found. He correctly observes that the court in *Arnold* did not define maturity. The government argues, from this author's concurring opinion, *Arnold, supra* at 345, that in addition to age, adult status must be determined by reference to "mental retardation or other condition of social immaturity militating against independent credibility." It also observes, citing 7 Wigmore Evidence § 2061 at 451–53 (1978), that in those jurisdictions which have abolished the corroboration requirement, age alone is not determinative. We think that this is the better view. We hold, consistent with *Douglas v. United States*, D.C.App., 386 A.2d 289, 294 n.8, that it is the function of the trial judge to determine whether a rape complainant reveals indications of immaturity effecting credibility so as to require corroboration of her testimony. Accordingly, we have looked to the record for any evidence revealing that the trial judge erred in not requiring a finding of corroboration. In evaluating the record for this purpose we must, as appellate courts often must, give considerable latitude to the trial judge's determination,

---

1. We need not here consider the reach of the additional phrase in the opinion respecting "other sex related offenses." *Arnold v. United States, supra* at 344. Nor need we deal with corroboration of male sex offense victims. *Id.* at 352 (Mack, J., concurring in part and dissenting in part).

 

upon seeing and hearing the victim at trial. We find no basis for holding that the trial judge erred in failing to require a finding of corroborative evidence.[2]

Accordingly, the judgment of conviction is

*Affirmed.*

---

2. We have considered whether the evidence is sufficient for conviction and hold that it is. We find no basis for reversal in the portion of the government's closing argument complained about at trial and on appeal.

