Walter L. FITZGERALD, Appellant,

v.

UNITED STATES, Appellee.

No. 13607.

District of Columbia Court of Appeals.

Argued March 15, 1979.

Decided Feb. 4, 1980.

John F. Cooney, Washington, D. C., appointed by the court, for appellant.

H. Lowell Brown, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the brief was filed, John A. Terry and Carol E. Bruce, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Gordon C. Rhea, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before GALLAGHER and MACK, Associate Judges, and YEAGLEY, Associate Judge, Retired.

GALLAGHER, Associate Judge:

A jury found appellant guilty of assault with intent to commit rape. D.C.Code 1973, § 22–501.[1] Appellant urges reversal of his conviction on the grounds (1) there was legally insufficient corroboration of the minor female complainant's testimony to warrant submission of the case to the jury, (2) the trial court erroneously failed to instruct the jury that in order to convict, it must first find complainant's testimony corroborated by independent evidence, and (3) the court improperly admitted hearsay testimony regarding the alleged assault.[2] We reverse.[3]

I.

It was Saturday night of the 1977 Memorial Day weekend at 11 p. m. Appellant stopped by the house of his next door neighbor, Mrs. Neiome Geathers, to pay a social visit. Complainant, a 12-year-old girl, and her younger sister were houseguests of Mrs. Geathers that weekend, while their mother was out of town. As a friend of complainant's stepfather, appellant had known complainant since she was small. On this occasion, he followed her into the kitchen and remarked upon how much she had grown recently. Complainant told him to leave her alone. At that point, Mrs. Geathers entered the kitchen, and appellant sent complainant to his car for a bottle of liquor.

After Mrs. Geathers and appellant drank the liquor, he offered to make a trip to the liquor store to replenish the supply. Not wanting to go alone, he asked if complain-

ant could accompany him to the "51 Club," a store located a few minutes away by car. Mrs. Geathers gave permission for complainant to ride with appellant.

According to complainant's testimony, the following events transpired during the trip, which took 25 to 30 minutes. Appellant did not stop at the "51 Club" since it was crowded, but continued several blocks south to Strick's Liquor Store. He purchased the liquor, and returned to the car. Before leaving the parking lot he touched complainant on the face and asked if she liked him. Complainant said no. Appellant then suggested that complainant show him their new house. He knew the family had recently moved to 15th Street, S.E., but did not know the exact house. They drove by the house, and then turned back in the direction of Mrs. Geathers' house. On the return trip, appellant asked complainant if she knew anything about oral sex. He also talked about buying clothes for her, and taking her out.

About two or three blocks from Mrs. Geathers' house, appellant pulled into an alley on the pretext of visiting a friend. He stopped, however, and locked the car doors. Appellant asked complainant to undress. She refused and started to hit him, but stopped when he threatened to strike her. Appellant took off complainant's pants and performed an act of cunnilingus. Then he took off his pants, laid her down on the car seat, and tried to achieve vaginal intercourse. While complainant was trying to resist his efforts, she unlocked the door and slid out of the car, hitting her head on the concrete. At that point, appellant desisted, and said he would take her home.

---

1. Appellant was also charged with taking indecent liberties with a minor child (D.C.Code 1973, § 22–3501(a)) and enticing a minor child (D.C.Code 1973, § 22–3501(b)), but the jury found the defendant guilty of the assault with intent to commit rape charge.

2. Appellant also challenges the evidence as insufficient to sustain his conviction. Our standard of review of this contention is well established. We will not overturn a conviction for insufficient evidence if the evidence reasonably permits a finding of guilt beyond a reasonable

doubt. *Byrd v. United States*, D.C.App., 388 A.2d 1225, 1229 (1978). Viewing the evidence most favorable to the government, the jury could have found appellant guilty beyond a reasonable doubt.

3. In view of our disposition of the case, there is no need to consider appellant's argument that retroactive modification of the corroboration requirement for minor complainants would offend due process.

He warned complainant not to tell anybody what had happened, or he would climb through her window and kill her.

Upon their return to Mrs. Geathers' house, complainant ran into the house crying. Mrs. Geathers asked what was wrong. Complainant said her head hurt and ran upstairs. Further inquiry by Mrs. Geathers was fruitless. She sent Levi Dyson, a friend of complainant, to speak with her.[4]

The next day during a picnic, complainant told her friend, Tawanda Coleman, of the previous night's events. Miss Coleman testified that complainant mentioned the act of cunnilingus, but not the attempted intercourse. Complainant's mother returned to Washington on Tuesday. However, complainant did not tell her of the incident. She learned of the attack the following Tuesday, ten days after the incident, from Mrs. Coleman, Tawanda's mother. Tawanda in a fit of anger at complainant told Mrs. Coleman the story, who then informed complainant's mother. After questioning complainant, her mother reported the incident to the police, eleven days after the assault. Complainant was taken to a local hospital by police officers but the medical examination did not reveal physical evidence of assault.

At the close of the prosecution's case, defense counsel moved for a judgment of acquittal on grounds of insufficient evidence. As defense counsel stated:

I know the Court of Appeals eliminated the corroboration requirements. You have nothing here other than the statement of the girl claiming an allegation of oral sodomy. You have a delay in the report, you have a delay—no medical, no bruises, no cuts or anything, and I submit that this is just insufficient to send this to the jury.

The court denied the motion. Although the trial court observed that the corroboration requirement still applies to minor complainants in sex offense cases, it found sufficient corroboration in "the crying, . . . the running to her room, and the other things that you have heard in evidence."

Appellant testified on his own behalf. He denied complainant's allegations of sexual assault, claiming that he drove directly back to Mrs. Geathers' house from 15th Street.

In its charge, the trial court did not instruct the jury that it must find the complainant's testimony corroborated by independent evidence before it could convict. Instead the court simply charged the jury as if a mature female complainant were involved. The jury found appellant guilty.

## II.

It has long been established in this jurisdiction that a person may not be convicted of a "sex offense" on the uncorroborated testimony of a youthful victim. *See, e. g., Douglas v. United States*, D.C.App., 386 A.2d 289, 293–94 (1978); *Robinson v. United States*, D.C.App., 357 A.2d 412, 415 (1976); *Konvalinka v. United States*, D.C. App., 162 A.2d 778 (1960), *aff'd*, 109 U.S. App.D.C. 307, 287 F.2d 346 (1961); *Wilson v. United States*, 106 U.S.App.D.C. 226, 271 F.2d 492 (1959). Courts have traditionally been skeptical of sexual charges by children, no doubt because

"[i]t is well recognized that children are more highly suggestible than adults. Sexual activity, with the aura of mystery that adults create about it, confuses and fascinates them. Moreover, they have, of course, no real understanding of the serious consequences of the charges they make." Guttmacher and Weihofen, Psychiatry and the Law (1952), p. 374. [*Quoted in Wilson v. United States, supra*, 106 U.S.App.D.C. at 227, 271 F.2d at 493.]

*See also The Rape Corroboration Requirement: Repeal Not Reform*, 81 Yale L.J. 1365, 1388–89 (1972). To minimize the danger of false accusations, the corroboration

---

4. Dyson testified at trial that complainant told him about the oral sex on either the night it occurred or the next morning. Dyson was impeached by his earlier statement to the police, that she had not told him about the oral sex because he had not asked her. Complainant testified that she did not tell Dyson about the incident that night.

requirement imposes two safeguards. First, the government must introduce corroborative evidence in order to meet its burden of proof and to survive a defense motion for judgment of acquittal. Second, even where the corroboration is legally sufficient, the jury must be convinced "beyond a reasonable doubt that the victim's account of the crime was not a fabrication." *United States v. Gray*, 155 U.S.App.D.C. 275, 276, 477 F.2d 444, 445 (1973), *quoted in Robinson, supra* at 416.

While corroboration is initially a matter for the trial court, as in any question concerning the legal sufficiency of the evidence, it is the jury's function to decide whether the standard of corroborative proof has been met. *See, e. g., Robinson, supra* at 415; *United States v. Jones*, 155 U.S.App.D.C. 328, 333, 477 F.2d 1213, 1218 (1973). Thus, the case must be submitted to the jury with specific instructions requiring a finding of independent evidence corroborative of the victim's testimony as a condition precedent to a guilty verdict.

The dispute here centers on the viability of the corroboration rule, as applied to child complainants, after *Arnold v. United States*, D.C.App., 358 A.2d 335 (1976) (en banc). In *Arnold, id.* at 344, we mandated that "in the future no instruction directed specifically to the credibility of any *mature female victim of rape or its lesser included offenses* and the necessity for corroboration of her testimony shall be required or given in the trial of any such case in the District of Columbia court system." (Emphasis supplied.) *Arnold* does not affect sex offense cases involving a minor victim. The issue was addressed by this court in *Hall v. United States*, D.C.App., 400 A.2d 1063 (1979), where we affirmed a conviction for taking indecent liberties with a minor child (7-year-old boy). There we assumed that corroboration of the minor victim's testimony was required, and that *Arnold* eliminated the need for corroboration only where a mature female victim was involved. Thus,

*Arnold* was harmonized with the earlier *Robinson v. United States, supra* at 412.

We took a similarly narrow view of *Arnold* in *In re J. W. Y.*, D.C.App., 363 A.2d 674, 677 (1976), finding the case at issue, a prosecution for carnal knowledge of a 13-year-old female, "significantly dissimilar" from the *Arnold* fact pattern. We observed that *Arnold* "placed considerable emphasis on the fact that the victims there were adults whose maturity diminished the likelihood of fabrication or fantasy." [5]

Since *Arnold* carved out a limited exception to the corroboration rule, we are bound by precedent to require corroboration in sex offenses involving a "non-mature" female complainant. *See In re L. A. G.*, D.C.App., 407 A.2d 688 (corroboration required in all simple assaults of a sexual nature on non-mature victim); *cf. Griffin v. United States*, D.C.App., 396 A.2d 211 (1978) (declined to extend *Arnold* to offense of solicitation for lewd and immoral purposes). *Arnold* did not declare when a victim is to be considered a "mature" female.

 The government urges that complainant's testimony did not require corroboration because she was, in fact, a mature female for purposes of the *Arnold* exception. Thus, the government contends that "maturity" is a relative concept to be evaluated by the trial judge. Under this view, the court's finding of maturity or immaturity, and the consequent need for corroborative evidence, may be reversed only if there is an abuse of discretion. Further, the government claims that the trial court made an explicit finding of complainant's maturity when it stated "although she was not the maturity age, she was not immature as a youngster goes."

To support its position, the government relies on *Arnold, supra* at 345 (Nebeker, J., concurring in the result) and *Davis v. United States*, D.C.App., 396 A.2d 979 (1979). In the concurring opinion in *Arnold, supra*

---

5. We declined in *In re J. W. Y., supra*, to extend the holding of *Arnold* for two reasons. Firstly, the government had adequately established corroboration of penetration. *In re J. W.* Y., *supra* at 678. Secondly, the events and trial of *In re J. W. Y.* took place before *Arnold* was decided. *In re J. W. Y., supra* at 677.

at 345, there is stated the view that in evaluating maturity "chronological age is not the only touchstone." Similarly, in *Davis, supra* at 980, the majority opinion stated "it is the function of the trial judge to determine whether a rape complainant reveals indications of immaturity [a]ffecting credibility so as to require corroboration of her testimony."

The government's reliance on that language is misplaced. Putting the quoted language in context, it is clear that this concurrence in *Arnold* emphasized the considerable latitude of a trial court to require corroboration where "the victim, though chronologically an adult, may be in reality as immature as a child. Whatever the cause, *e. g.*, mental retardation or other condition of social immaturity militating against independent credibility, *such women may well be viewed as children for purposes of requiring corroboration.*" *Arnold, supra* at 345 (emphasis supplied). In *Davis*, the only question decided by the court was that the trial judge did not err in finding a 17-year-old rape victim to be a mature female under *Arnold*. There was no evidence of mental or social immaturity which would indicate the trial judge had erred in dispensing with corroboration.

*Davis* infers that a trial court may determine that an "adult" female is actually immature, but says nothing about the reverse situation, *i. e.*, whether a trial court may conclude that a child of tender years is a mature female for purposes of applying *Arnold*. When the victim is, at least, under the age of sixteen, precedents in this jurisdiction require the trial court to maintain the corroboration requirement. Sixteen is the age under which nonconsent is presumed in rape under D.C.Code 1973, § 22–2801, and also under D.C.Code 1973, § 22–3501 (indecent acts on children).

Age, of course, remains an important factor to be considered in determining the sufficiency of corroborative evidence. The corroboration rule has always been a flexible one, and "the particular quantum of proof required will necessarily vary from case to case depending upon, for example,

the age and impressionability of the prosecutrix and the presence or absence of any apparent motive to falsify or exaggerate." *United States v. Gray, supra*, 155 U.S.App. D.C. at 276, 477 F.2d at 445, *quoted in Robinson, supra* at 416; *see also Wallace v. United States*, D.C.App., 362 A.2d 120, 121 (1976) (level of corroboration required varies with sex and age of complainant and existence of previous relationship with defendant). In *United States v. Jones, supra*, 155 U.S.App.D.C. at 328, 477 F.2d 1213, the court rejected a challenge to the sufficiency of the corroboration in a statutory rape case (15-year-old complainant) stating:

The absence of any evidence tending to show a motive for fabrication coupled with the maturity that the victim demonstrated throughout the proceedings lent inherent credence to her testimony, and while not in and of themselves corroborative, they diminished the "danger of falsification" that is the foundation of the corroboration requirement. [*Id.* 155 U.S. App.D.C. at 333, 477 F.2d at 1218.]

Similarly, the trial court here could properly take into account the child victim's maturity in assessing the need for corroboration.

The trial court evaluated complainant's maturity following defense counsel's motion for judgment of acquittal. In ruling on the motion, the trial court was necessarily concerned with the legal sufficiency of the evidence, including the corroborative evidence. The court clearly did not intend to dispense with the corroboration requirement, and, in fact, corrected defense counsel's assertion that *Arnold* eliminated the need for corroboration of child complainants in sex cases. The trial court denied the motion, pointing to the victim's demonstrated maturity throughout the proceedings and the presence of corroboration. The court stated:

It is true that *Arnold* talks about a nonmature [*sic*]. It is also true that I had a 13 year old testify before me today in a substantial mature way for a child of that age. She had excellent recall if you believe her story; the dates; the places; the addresses. She stood up to your rig-

orous cross-examination, Mr. Rosen. She tried to compose herself after the initial outburst of crying, and I would have to say, although she was not the maturity age, she was not immature as a youngster goes. In addition, we had the corroboration that goes with the crying, with the running to her room, and the other things that you have heard in the evidence.

Admittedly, the corroborative evidence here was not strong, and lacked the common corroborative details such as a medical examination, physical evidence of struggle or prompt report of the incident to authorities.[6] However, it has never been the rule that corroboration can be supplied only by a specific type of evidence. *See, e. g., Bailey v. United States*, 132 U.S.App.D.C. 82, 405 F.2d 1352 (1968) (corroboration sufficient even where no medical evidence in light of testimony as to distraught physical condition immediately after incident and testimony of mother as to semen on complainant's body). *See also In re W. E. P.*, D.C. App., 318 A.2d 286 (1974). "[N]o magical quantitative balancing test utilizing a 'checklist of factors' is either appropriate or workable." *United States v. Jones, supra* 155 U.S.App.D.C. at 333, 477 F.2d at 1218, *quoting from United States v. Terry*, 137 U.S.App.D.C. 267, 271, 422 F.2d 704, 708 (1970).

In reality, the corroboration threshold has never been difficult to cross in this jurisdiction. To be legally sufficient, the corroboration need only consist of "circumstances which tend to support the victim's testimony." *Evans v. United States*, D.C.App., 299 A.2d 136, 139 (1973).[7] The court must evaluate the danger of fabricated or mistaken charges in a particular case, since the need for corroboration is required by the risk of falsification. *See, e. g., Thomas v. United States*, 128 U.S.App.D.C. 233, 234, 387 F.2d 191, 192 (1967). This risk may vary depending upon the age of the victim and other circumstances of the case. *See, e. g., United States v. Terry, supra* 137 U.S.App.D.C. at 270, 422 F.2d at 707.

Here there was evidence tending to bolster complainant's testimony, and thus, minimize the likelihood of fabricated or mistaken charges. Both Mrs. Geathers and Levi Dyson testified that complainant was obviously distressed when she returned from her ride with appellant. She ran to her room, crying. In response to Mrs. Geathers' questions complainant said her head was "hurting" confirming her testimony that her head struck the sidewalk when she fell from the car. Mrs. Geathers repeatedly asked complainant what was wrong, and sent Levi upstairs to inquire, perhaps with more success. It is not difficult to understand that a young girl would prefer to confide details of a sexual encounter to a close girl friend, as complainant did the following day.

The extrinsic evidence of complainant's emotional state tended to support her story, and was sufficient corroboration in light of the additional factors diminishing the risk of false accusation (e. g., no motive to fabricate, demeanor at trial).[8]

---

6. We do not attach any negative significance to complainant's failure to report the incident to authority figures. Her reluctance must be assessed in light of her testimony that appellant warned her not to tell anyone or he would climb through her window and kill her. Complainant's mother recalled that after her return, complainant had been unusually hesitant to open her bedroom windows despite the summer heat.

7. It has been stated that a flexible rule is "responsive to the underlying rationale of the corroboration requirement—the avoidance of baseless accusations—and it is far more consonant with the realities of the trial situation than a rule which would compel the Government to prove virtually its entire case twice: once by the victim's testimony and again by independent evidence." *United States v. Gray, supra* 155 U.S.App.D.C. at 277, 477 F.2d at 445. Thus corroboration of the *corpus delicti* does not require evidence reestablishing each material element of the offense. *See, e. g., Davis v. United States*, D.C.App., 370 A.2d 1337, 1339 (1977).

8. Generally corroboration is required as to both the *corpus delicti* and the identity of the assailant. There was, of course, no question of the perpetrator's identity in this case. "Appellant was guilty if anyone was for he alone was with the child at the time of the alleged offense." *Wilson v. United States, supra* 106 U.S.App. D.C. at 226, 271 F.2d at 492.

Although there was sufficient corroborative evidence to warrant submission to the jury, the jury still needed appropriate instructional guidance for determining whether the government met the standard of corroborative proof. *See, e. g.,* Criminal Jury Instructions for the District of Columbia, No. 4.78 (3d ed. 1978). We have decided that corroboration of child complainants continues to be required in sex cases. Consequently, omission of a corroboration instruction was error.

■ The principal question here is whether the court's failure to instruct, when no instruction was requested at trial, amounted to plain error. *See, e. g., Watts v. United States,* D.C.App., 362 A.2d 706, 709–10 (1976) (en banc). *See also* Super.Ct. Cr.R. 30, 52(b). In *Washington v. United States,* 134 U.S.App.D.C. 135, 413 F.2d 135 (1969), the court held that failure to give a corroboration instruction, in the absence of objection or request, was not plain error when the rape corroboration was adequate.[9] *See also Morgan v. United States,* D.C.App., 402 A.2d 598 (1979); *United States v. Dews,* 135 U.S.App.D.C. 185, 186 n.1, 417 F.2d 753, 754 n.1 (1969). Similarly, in *Williams v. United States,* D.C.App., 385 A.2d 760 (1978) (en banc), the trial court's refusal to give a corroboration instruction was deemed harmless error where the circumstances provided adequate independent evidence that the rape accusation was not a fabrication.

We are unable to say here, however, that the absence of a corroboration instruction was not "so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial." *Watts, supra* at 709. The instruction was vital to the case and, if given, might well have "substantially swayed" the verdict, since the corroborative evidence although legally sufficient was marginal. Thus, we cannot say the error was harmless, *see Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), and reversal is required.

## III.

Appellant contends the trial court improperly admitted hearsay testimony concerning complainant's description of the assault. The challenged testimony, given by Tawanda Coleman, complainant's mother, and the investigating police officer, encompassed conversations each witness had with complainant after the incident.

■ It is accepted that the hearsay rule bars testimony relating to an out-of-court conversation, when offered to prove the truth of the matter asserted therein. A declaration of complaint by a sex crime victim, made shortly after commission of the crime, is generally admissible on either of two theories: "spontaneous utterance" or "complaint of rape." The distinction is an important one. Under the "spontaneous utterance" theory, the declaration can be admitted as original evidence and the details of the declaration are admissible as substantive evidence of the truth of such facts. The "complaint of rape" theory permits a much narrower use of the declaration. This theory is premised on the *necessity* for admitting the fact of complaint in sex crimes, because of the unique requirement that the sex crime be corroborated. In the absence of medical evidence, the victim's complaint to another might be the only available corroboration. Thus, "the purpose of admitting fresh complaint testimony is . . . in a sense, to meet in advance a charge of recent fabrication [which is implicit in the corroboration requirement] . . . ." *State v. Tirone,* 64 N.J. 222, 227, 314 A.2d 601, 604 (1974). Although the declaration must be admitted, it is still hearsay, and if it does not meet the requirements of the spontaneous utterance, it has none of the guarantees of truthfulness of the hearsay exceptions. Therefore, the bare fact of the complaint can be introduced, and only for purposes of corrobora-

9. But the corroboration in *Washington, supra,* included testimony of the victim's escort, held at gunpoint by the assailant's companion, who heard complainant scream and later saw her on the ground with her clothing in disarray. In addition, complainant promptly reported the incident to the police.

tion, *i. e.*, that the report was made, not for the truth of the matter asserted therein.

██ If promptness of the report and circumstances of spontaneity tend to preclude fabrication, the testimony falls under the "spontaneous utterance" hearsay exception. *See, e. g., Bandoni v. United States,* D.C.Mun.App., 171 A.2d 748 (1961) (one hour not too long when declarant still influenced by stress or assault); *Baber v. United States,* 116 U.S.App.D.C. 358, 324 F.2d 390, *cert. denied,* 376 U.S. 972, 84 S.Ct. 1139, 12 L.Ed.2d 86 (1963) (victim's statement to father immediately after sexual assault); *Jones v. United States,* 91 U.S.App.D.C. 291, 231 F.2d 244 (1956) (5-year-old girl's statement to mother immediately following sexual assault admissible as spontaneous declaration); *Snowden v. United States,* 2 App.D.C. 89, 94 (1893) (res gestae hearsay exception is extended in cases of child abuse so that distraught young girl's statement to grandmother upon return home was admissible).

If the declaration loses the character of a spontaneous utterance, however, and becomes a calm narrative of a past event, it will be inadmissible under this exception. The trial judge has discretion to decide when a statement about a sex crime is a spontaneous utterance. *Beausoliel v. United States,* 71 App.D.C. 111, 107 F.2d 292 (1939) (6-year-old girl's response to mother's questioning of assault by taxicab driver a few minutes before). The fact that the statement is made in response to questioning is not decisive. Time elapsing between the crime and the report is not absolutely controlling either, although it is certainly of great significance. *Id.* at 114, 107 F.2d at 295. *See, e. g., Wheeler v. United States,* 93 App.D.C. 159, 211 F.2d 19, *cert. denied* 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140 (1953) (10-year-old girl, while still upset, went directly to grandmother's house within an hour of carnal abuse); *In re Lewis,* D.C.Mun.App., 88 A.2d 582 (1952) (4-year-old child's statement to mother admissible since child had made statement while under the influence of recent sexual assault).

██ The earliest conversation here occurred the next day after the assault; the others took place after a lapse of 10 and 12 days in response to questioning. Clearly none of the conversations were made while the child was still in the throes of the traumatic episode, before she could reflect. *See, e. g., State v. Thorpe,* 83 S.D. 499, 505, 162 N.W.2d 216, 219 (1968) (in prosecution for indecent molestation of minor, statements of 12-year-old victim to a neighbor more than 12 hours after commission and statement to mother 30 hours after commission were inadmissible and prejudicial to accused; age of victim and lapse of time removed details of any conversation from res gestae). Thus, the statements here were hearsay and could not be admitted under the spontaneous utterance exception for the truth of the rape itself.

The evidence could nevertheless have been admitted as corroboration under the "complaint of rape" doctrine, not for the truth of the matter asserted, but merely for the fact that the statement was made. *See Evans v. United States,* D.C.App., 299 A.2d 136 (1973) (fact of complaint admissible even though made the day after sexual assault); *State v. Balles,* 47 N.J. 331, 221 A.2d 1 (1966), *cert. denied* 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed.2d 1321 (1967).

██ An accusation of the prosecutrix in a sex crime "tends obviously to indicate the truth of the charge and is corroborative thereof; conversely, evidence of the failure to make a prompt complaint casts doubt upon the truth of the claim that a crime had been committed." Torcia, ed., Wharton's Criminal Evidence § 313, at 113–14 (13th ed. 1972). *See also Stitely v. United States,* D.C.Mun.App., 61 A.2d 491 (1948) (complainant allowed on redirect to explain fact brought out on cross that she had waited two weeks to complain after occurrence of alleged sexual assault). The corroboration requirement in sex crimes is analogous to the government having the burden of refuting an implied charge of recent fabrication. After a charge of recent fabrication, prior consistent statements, that is to say, prior complaints, could

be admitted to rehabilitate the complainant witness. *See State v. Tirone, supra.* Thus Wigmore explains the admission of the "complaint of rape" as follows:

[W]here nothing appears on the trial as to the making of such a complaint, the jury might naturally assume that none was made, and counsel for the accused might be entitled to argue upon that assumption. As a particularity, therefore, of this kind of evidence, it is only just that the prosecution should be allowed to forestall this natural assumption by showing that the woman was *not silent,* i. e., that *a complaint was in fact made.* IV Wigmore, Evidence § 1135, at 298–99 (Chadbourn rev. 1972) (emphasis in original).

 Under this theory, delay in making the complaint should not be fatal to its admissibility. However, an early case in this jurisdiction, *Lyles v. United States,* 20 App.D.C. 559, 563 (1902), held that a statement to a physician made four weeks after an alleged rape was too remote from the occurrence and therefore inadmissible, whereas a complaint made recently after the rape was admissible. On facts like those before us here, when there is an explanation for the delay in the child's fear of reprisals, the delay should not render the complaint inadmissible. *See, e. g., People v. Bonneau,* 323 Mich. 237, 35 N.W.2d 161 (1948) (7-year-old girl's statement to mother three days after event, in response to mother's continued questioning to discover reason for distress, was admissible, since child explained delay in complaining by fear of defendant's retaliation). The length of time between the alleged sexual crime and the complaint affects the weight of the evidence in the minds of the jury, but does not diminish the testimony's legal sufficiency as corroboration.

Only the fact of the complaint should be admitted and not the details of the occurrence, since the testimony is offered to bolster the credibility of the complainant. IV Wigmore, Evidence § 1136, *supra,* at 307. Thus, it was error in this case to admit a substantive detailed description of the occurrence as related by declarant to the wit-

nesses. On the remand, the testimony of Tawanda Coleman, the mother, and the police officer should be limited to the fact that a complaint was made. Moreover, the jury should be instructed that this testimony is to be considered solely for the purpose of corroborating the testimony of complainant.

*Reversed and remanded for a new trial.*