IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Wright-Wilson,          :
          Petitioner     :
                   :
      v.               :
                   :
Pennsylvania Parole Board,    :   No. 1066 C.D. 2022
          Respondent    :   Submitted: May 19, 2023


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                   FILED: August 25, 2023

Derrick Wright-Wilson (Wright-Wilson) petitions this Court for review of the Pennsylvania Parole Board's (Board) September 9, 2022 order denying his request for administrative relief. Wright-Wilson is represented in this matter by court-appointed counsel, Kent D. Watkins, Esquire (Counsel), who has filed an Application to Withdraw Appearance (Application) and submitted a no-merit letter in support thereof. After review, we grant Counsel's Application and affirm the Board's order.

Wright-Wilson is an inmate at the State Correctional Institution (SCI) at Frackville.[1] On November 11, 2015, the Dauphin County Common Pleas Court (trial court) sentenced Wright-Wilson to serve three concurrent three- to six-year sentences for three counts of robbery and one count of criminal conspiracy (Original Sentence). *See* Certified Record (C.R.) at 1. His Original Sentence maximum

---

[1] *See* http://inmatelocator.cor.pa.gov (last visited August 24, 2023).

release date was February 6, 2021. *See id.* By December 3, 2018 order, the Board granted Wright-Wilson parole from his Original Sentence. *See* C.R. at 10. The Board released him on parole on May 9, 2019. *See id.*

On August 28, 2020, Swatara Township police arrested Wright-Wilson and charged him with fleeing and attempting to elude the police, driving under suspension, failing to have required financial responsibility, and accidents involving damage to unattended vehicle or property (New Charges). On August 28, 2020, the Board issued a warrant to commit and detain Wright-Wilson. *See* C.R. at 38. Also on August 28, 2020, the trial court set Wright-Wilson's bail at $25,000.00 which he did not post. *See* C.R. at 84. On September 17, 2020, Wright-Wilson waived legal representation and his detention hearing. *See* C.R. at 41. On October 5, 2020, the Board directed that Wright-Wilson be detained pending disposition of the New Charges. *See* C.R. at 59. On February 6, 2021, the Board cancelled the August 28, 2020 warrant to commit and detain. *See* C.R. at 60.

On November 1, 2021, Wright-Wilson pled guilty to the New Charges and the trial court sentenced him to 18 to 36 months of confinement in an SCI (New Sentence). *See* C.R. at 65. The trial court gave Wright-Wilson credit toward his New Sentence for the 431 days he served between August 28, 2020 and November 1, 2021. On November 10, 2021, the Board issued a warrant to commit and detain. *See* C.R. at 61. On January 10, 2022, the Board issued a Notice of Charges based on Wright-Wilson's new conviction on the New Charges, *see* C.R. at 65, and on the same date, Wright-Wilson waived his revocation hearing and legal representation and admitted to the new conviction. *See* C.R. at 67.

On January 24, 2022, the Board recommitted Wright-Wilson to an SCI as a convicted parole violator (CPV) based on his conviction for the New Charges. The Board awarded 477 days of credit (or 1 year, 3 months, and 19 days) from May 9, 2019 to August 28, 2020, for the time he spent in good standing at liberty on

2

parole. *See* C.R. at 121. The Board calculated that Wright-Wilson owed 162 days (or 5 months and 9 days) of backtime. *See id*. The Board recomputed Wright-Wilson's Original Sentence maximum release date as July 1, 2022. *See id*.

Wright-Wilson, pro se, filed an administrative remedies form alleging therein:

> I was recommitted to a[n SCI on] November 10[,] 2021[,] as a parole violat[o]r. My backtime was suppose[d] to start November 10[,] 2021[,] but instead it started January 24[,] 2022. So that's 75 days uncounted for towards the backtime of 162 days that is presumed that I owe. That 75 days of uncounted time will take my [Original Sentence] maximum [release] date in the system from July 1[,] 2022[,] to April 21[,] 2022. Another correction I will [sic] like to be made is the additional 14 days that was added on my [O]riginal [Sentence] maxi[mum release] date. My [O]riginal [Sentence] maxi[mum release] date is suppose[d] to be January 23[,] 2021[,] but in the system it's February 6[,] 2021. That is an extra 14 days I shouldn't be doing. So[,] deduct the 14 days from my April 21[] date which would be April 7[,] 2022.

C.R. at 126.

On September 9, 2022, construing Wright-Wilson's request for relief as a Petition for Administrative Review, the Board affirmed its decision. Wright-Wilson appealed to this Court.[2] On December 21, 2022, Counsel filed the Application and no-merit letter. On January 4, 2023, this Court ordered that Counsel's Application would be considered along with the merits of Wright-Wilson's appeal.

This Court must first review Counsel's no-merit letter.

---

[2] "This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704[.]" *Smoak v. Talaber*, 193 A.3d 1160, 1163 n.2 (Pa. Cmwlth. 2018).
.

> "A [no-merit] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer* [*v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting [*Commonwealth v.*] *Turner*, 544 A.2d [927,] 928 [(Pa. 1988)]) (some alterations omitted). As long as a [no-merit] letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief. However, if the [no-merit] letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of [his/her] client.

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020) (citation omitted). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

Here, Counsel's no-merit letter contains the procedural history of Wright-Wilson's case, describes the issues raised in Wright-Wilson's Petition for Administrative Review, and provides Counsel's review of the record and relevant law. Counsel represents therein that Wright-Wilson's chief challenge is that the Board used incorrect dates to calculate his Original Sentence maximum release date.

4

Counsel served Wright-Wilson with the no-merit letter and his Application, and notified Wright-Wilson that he may either obtain substitute counsel or file a brief on his own behalf.[3]  Further, Counsel provides sufficient reasons why Wright-Wilson's issues are without merit.  *See* Counsel No-Merit Letter at 6-9.  Accordingly, this Court concludes that Counsel complied with *Turner's* technical requirements and will now independently review the merits of Wright-Wilson's appeal to determine whether to grant or deny Counsel's Application.

In accordance with Section 6138(a)(4) of the Prisons and Parole Code (Code), 61 Pa.C.S. § 6138(a)(4), "[t]he period for which the offender is required to serve shall be computed by the board and shall begin on the date that the parole violator is taken into custody to be returned to the institution as an offender."  In addition, Section 6138(a)(5) of the Code provides:

> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases: (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5).

> However, it is well established that the requirement that a CPV serve the balance of his original sentence is only operative once "parole has been revoked and the remainder of the original sentence becomes due and owing." *Campbell v. P[a.] B[d.] of Prob[. &] Parole, . . .* 409 A.2d 980, 982 ([Pa. Cmwlth.] 1980); *see also Hill v. P[a.] B[d.] of Prob[. &] Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996) (holding that where the Board recommits a CPV to serve the balance of the original sentence before beginning service of a new term, the prisoner's service of

---

[3] Wright-Wilson did not obtain substitute counsel or file a brief.

backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole). Therefore, "credit for time a CPV spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Williams v. P[a.] B[d.] of Prob[. &] Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995). Parole revocation occurs once a hearing examiner and Board member or two Board members sign a hearing report recommitting a prisoner as a CPV. *Wilson v. P[a.] B[d.] of Prob[. &] Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015); *see also Palmer v. P[a.] B[d.] of Prob[. &] Parole*, 134 A.3d 160, 166 (Pa. Cmwlth. 2016) (same).

*Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 391-92 (Pa. Cmwlth. 2019).

Here, the trial court credited Wright-Wilson with 431 days on his New Sentence for the time he served between his arrest on August 28, 2020, and his November 1, 2021 conviction on the New Charges.

By September 9, 2022 decision, the Board affirmed its January 24, 2022 order, explaining:

The Board paroled Wright-Wilson from a[n SCI] on May 9, 2019[,] with a maximum date of February 6, 2021[,] on his [O]riginal [S]entence . . . . This means that Wright-Wilson was left with 639 days remaining on his [O]riginal [S]entence the day he was released. The Board in its discretion awarded Wright-Wilson credit for the time spent at liberty on parole based on his recommitment as a [CPV]. 61 Pa.C.S. § 6138(a)(2.1). This means the Board applied credit for 477 days from May 9, 2019, the day Wright-Wilson was released on parole, to August 28, 2020, the day that he was arrested for [N]ew [Charges] and the day the Board's detainer was lodged against him. This means that Wright-Wilson owed 639 - 477 = 162 days on his [O]riginal [S]entence based on the recommitment. Because Wright-Wilson failed to post bail on the [N]ew [Charges], he is therefore not entitled to any pre-sentence credit toward his [O]riginal [S]entence, pursuant to *Gaito v. Pennsylvania Board of Probation [&] Parole*, 412 A.2d

6

568 (Pa. 1980).[4] Because he was sentenced to a new term of state incarceration, the . . . Code provides that Wright-Wilson must serve the balance of the [O]riginal [S]entence first. 61 Pa.C.S. § 6138(a)(5). However, that provision did not take effect until the Board revoked [Wright-Wilson's] parole. [*See*] *Campbell* . . . . This means that Wright-Wilson became available[] to commence service of his [O]riginal [S]entence on January 20, 2022, because that is the day the Board obtained enough signatures to declare him a parole violator. Adding 162 days to January 20, 2022[,] yields a recalculated maximum date of July 1, 2022. Thus, the Board properly recalculated [Wright-Wilson's Original Sentence] maximum [release] date.

C.R. at 130-131.

Wright-Wilson's Original Sentence maximum release date was February 6, 2021. *See* C.R. at 2. The Board released Wright-Wilson on parole on May 9, 2019. *See* C.R. at 10, 121. The police arrested Wright-Wilson on the New Charges on August 28, 2020, *see* C.R. at 39, and the Board's Warrant to Commit and Detain was issued on the same date. *See* C.R. at 38. Because he did not post bail, his detention time was credited to the New Sentence. Finally, the Board's Revocation Hearing Report reflects that the Board executed it on January 20, 2022. *See* C.R. at 97-104. Accordingly, the Board properly determined it used the correct dates to calculate Wright-Wilson's Original Sentence maximum release date.

Based on the foregoing, this Court concludes that Counsel complied with *Turner's* technical no-merit letter requirements, and confirms based upon an

---

4    Under *Gaito*, if a CPV satisfies bail requirements prior to sentencing and is incarcerated solely on the Board's detainer, this period of incarceration is credited to his original sentence. However, when bail is not posted, the time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence.

*White v. Pa. Parole Bd.*, 276 A.3d 1247, 1256 (Pa. Cmwlth. 2022) (citation omitted).

7

independent record review, that Wright-Wilson's appeal lacks merit.  Accordingly, Counsel's Application is granted, and the Board's order is affirmed.

_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Derrick Wright-Wilson,      :
           Petitioner      :
                            :
      v.                  :
                            :
Pennsylvania Parole Board,    :    No. 1066 C.D. 2022
           Respondent   :

## O R D E R

AND NOW, this 25th day of August, 2023, Kent D. Watkins, Esquire's Application to Withdraw Appearance is GRANTED, and the Pennsylvania Parole Board's September 9, 2022 order is AFFIRMED.

_____
ANNE E. COVEY, Judge